(No. 25845, 25846.—

THE PEOPLE *ex rel.* The Auditor of Public Accounts, *vs.* THE WEST SIDE TRUST AND SAVINGS BANK OF CHICAGO.—(ABE MICHELSON, Appellee, *vs.* CHARLES H. ALBERS, Receiver, *et al.* Appellants.)

*Opinion filed April 15, 1941.*

Farthing, J., dissenting.

Gunn, C.J., specially concurring.

Nash, Ahern, McDermott, McNally & Kiley, (Richard F. Shay, and John J. Kennelly, of counsel,) for appellant Charles H. Albers, Receiver; Maurice L. Davis, for appellant The Trust Company of Chicago; Edward Berkson, *pro se,* successor trustee.

Schnackenberg, Hansen & Towle, and Harry I. Weisbrod, (Elmer J. Schnackenberg, of counsel,) for appellee.

Mr. Justice Shaw delivered the opinion of the court:

On leave to appeal granted, this cause is here to review the judgment of the Appellate Court for the First District.

The petitioner, Abe Michelson, filed an intervening petition in the liquidation proceedings of the West Side Trust and Savings Bank, the respondent, seeking a preferred claim of $45,000. The cause was referred to a master in chancery, who heard the evidence which was, in substance, that the petitioner was illiterate and could not write the English language except to sign his name; that he did his banking business with the respondent bank which had purchased and was holding for him securities of the face value of $62,000. On February 19, 1932, after some of these securities had defaulted, he had a conversation with the respondent's president and cashier at which time the bank agreed to purchase the securities from him and buy United States Liberty bonds with the proceeds to the extent of $45,000. A cashier's check for that amount was presented to him and immediately endorsed and returned to the cashier. Michelson was assured by the president and cashier that the money was in safe-keeping and would be used to buy bonds. He inquired several times about the purchase of the bonds but the cashier kept "stalling him off" at the request of the president because they wanted to keep the money in the assets of the bank, which was in a precarious condition. On April 1, 1932, at which time petitioner was ill at his home, his brother, at the request of the bank president, had him sign a check for the purchase of the bonds. The bank did not buy them but merely redeposited the check the next day. Several conversations concerning the purchase of the bonds were had between the petitioner and the president, he being assured that they would be purchased when the price was right. The bank closed on March 4, 1933, and never reopened. The master's report recommended a decree allowing a preferred claim.

Thereafter, the receiver, the Trust Company of Chicago and Edward Berkson, as successor trustees, who had been allowed a lien on the deposit made with the Auditor of Public Accounts, filed objections to the master's report.

These objections were overruled except in certain particulars not here material and a decree was entered allowing the claim of the petitioner *pro rata* with other preferred claims, but held that he .was not entitled to the benefit of the deposit under the Trust Companies act but only to a preference limited to cash on hand and due from banks. The Appellate Court held that the claim should be preferred as to all of the assets of the bank and that the claimant was a trust creditor entitled to recourse against the deposit with the Auditor of Public Accounts.

The receiver, Charles H. Albers, and the Trust Company of Chicago filed separate petitions for leave to appeal which have been consolidated, and Edward Berkson, successor trustee, has filed his motion to adopt the petition of the receiver.

There are three questions to be decided: (1) Was the claim properly given preference, (2) was it limited in preference to cash assets, and (3) was it such a claim as might participate in the security provided by the funds deposited under the Trust Companies act with the Auditor of Public Accounts?

As to the first point, this court held in *People* v. *Farmers State Bank,* 338 Ill. 134, that there are two kinds of bank deposits, special and general. The former include those where the bank becomes a trustee for the depositor by special agreement or under circumstances sufficient to create a trust, whereas general deposits are those where the bank merely becomes the debtor of the depositor. It was pointed out there that, as to general deposits, the title to the money deposited passes to the bank, becomes a part of its assets and, in case of insolvency of the bank, the general deposit belongs to the creditors in proportion to the amount of their respective claims. It was also pointed out that, as a rule, when money is deposited in a bank the title to the money passes to the bank and noted certain exceptions to that rule. These were: First, where the money or

thing deposited was placed with the bank under an agreement that that particular money or thing should be returned to the depositor; second, where the money or thing deposited was to be used for a specifically designated purpose, and third, where the deposit itself was wrongful or unlawful. What was said there has been reaffirmed by our holdings in *People* v. *Peoples State Bank of Maywood,* 354 Ill. 519, and *People* v. *Stony Island State Savings Bank,* 358 id. 118. On this record the trial court was justified in allowing the respondent a preferred claim. The appellants, however, stress our holding in *Baiar* v. *O'Connell,* 365 Ill. 208, to sustain the contention that the claim is not entitled to priority. In that case the claimant had on deposit in the bank, $11,575, evidenced by two certificates of deposit which the claimant surrendered to the bank with directions to buy United States Liberty bonds, but before they could be purchased in the regular course of business the bank closed. It was held that the original relationship between the claimant and the bank was that of debtor and creditor and was never changed, but that the bank's indebtedness to the claimant was to be merely applied to the purchase of bonds. Also relied on by the appellants is *Blakely* v. *Brinson,* 286 U. S. 254, 76 L. ed. 1089, 52 Sup. Ct. 516, 82 A. L. R. 1288. It is to be noted also, in that case, that the original relationship between the claimant and the bank was that of debtor and creditor, and that the account of the claimant was enhanced by an additional deposit to make up enough to purchase the bonds. Those cases are clearly distinguishable from the one at bar because of the fact that the original *status* of the parties was that of debtor and creditor and so remained. That element is completely lacking here, as to the item of $45,000.

As to the Trust Companies act it is argued that the transaction between the claimant and the bank created an express trust which entitled Michelson to a priority over the general creditors of the bank and that he is entitled

to share *pro rata* with claims allowed, by virtue of that enactment. If we were to agree with this argument it would require us to ignore the obvious purpose of the Trust Companies act. Such a holding would prevent a uniform application of the act to all corporations doing a trust business. Under such a construction the creditors of a trust company engaged only in doing a trust business would acquire better protection than creditors of a corporation doing a trust business and a banking business. In *People* v. *Cairo-Alexander Bank,* 363 Ill. 589, the bank did a general banking business and also operated a trust department. It had deposited securities with the Auditor of Public Accounts as required by the act. In that case the receiver of the Cairo Bridge Company had a deposit with the bank which was transferred from a general account to the trust department. Subsequently the bank closed and the receiver of the bridge company claimed that the account was secured by the deposit with the Auditor. In holding that the transfer of the deposit was merely an attempt to create a preference over other depositors the court said: "That act [the Trust Companies act] can be construed only to permit corporations who have qualified under it, to accept or execute trusts, be appointed assignees or trustees by deed, executors or guardians by will, or receivers, assignees, guardians, conservators, executors, administrators or trustees under order of court."

In *People* v. *Chicago Bank of Commerce,* 371 Ill. 396, the depositary agent appointed by the terms of a trust deed was given the power to designate his successor. The Chicago Bank of Commerce was appointed as such a successor and under the appointment collected certain sums of money. The bank failed without having disbursed to the persons entitled thereto the money collected. A new depositary agent was appointed and he filed a claim contending that he was entitled to a preferred claim against the funds deposited with the Auditor under the terms of

the Trust Companies act. In holding that this type of claim was one not contemplated by the act this court said: "It seems that appellants have confused the liability of a bank holding special or trust deposits under general equitable principles, with that of a bank or other corporation authorized to act as a trustee by deed under the statute in question. Merely because a bank may become liable, by the application of the general doctrine of trusts or of banking law, to a depositor, or that an owner of a special deposit may have priority in the general assets over the claim of a general depositor, does not necessarily mean that such special depositor has a lien upon the funds and securities required to be deposited with the Auditor of Public Accounts under the Trust Companies act. Such act provides that when the trust is created in a certain manner the beneficiary shall have a lien on the securities deposited and such bank shall 'be further liable as natural persons in like positions now are.' The requirement, however, to obtain a lien on the deposited securities, is that an express trust by deed be created. When this is done the beneficiary has his share in the general assets, and it may be a preferred claim in the general assets, but, in addition, a *pro rata* lien on the securities deposited."

The words used in section 1 of the act, "Trustee by deed, and executor, guardian or trustee by will," cannot be overlooked. The language does not permit a different kind of trusteeship than therein described. It was intended by the legislature that the trusteeships to be covered by the statute were those in which appointments were made either by deed or its equivalent, or made by the court and accepted voluntarily, in each instance, by the banks and trust companies, and does not extend to any other kind of trusteeship, which, by operation of law, might grow out of the acts and doings of the banks and their officers.

One other holding of the Appellate Court requires consideration. It was found by that court that the claim of

Michelson should be allowed general preference as to all assets, and in this we think the court erred. On this question there has been much discussion and as to it there have been many decisions. On this point the latest holding of this court is *People* v. *Peoples State Bank of Maywood, supra.* Since the decision of that case the rule therein announced has been uniformly applied in the liquidation of banks throughout this State and it has many times been followed and cited by the various Appellate Courts. No useful purpose could be served by any lengthy quotation from that case in this one. It is sufficient to say that we now adhere to what we then held.

The judgment of the Appellate Court is reversed and the decree of the superior court is affirmed.

*Appellate Court reversed.*
*Superior court affirmed.*

Mr. Chief Justice Gunn, specially concurring: I agree with the result reached in this opinion but not with all that is said therein.

Mr. Justice Farthing, dissenting.