FIRST NATIONAL BANK OF BLUE ISLAND, Respondent-Appellant, *v.* ESTATE OF THOMAS PHILP, Petitioner-Appellee.

First District (3rd Division)    No. 81-2005

Opinion filed April 28, 1982.

Thomas G. Vent and Hyman K. Bielsky, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Feiwell, Galper & Lasky, Ltd., of Chicago (Barbara J. Vrdolyak, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, the administrator of the estate of Thomas Philp, brought these citation proceedings seeking a turnover order with regards to the proceeds of an individual retirement account established by the decedent with the respondent First National Bank of Blue Island as custodian. The trial court denied the bank's motion to quash the citation proceedings and ordered the bank to turn over the proceeds of the I.R.A. to the estate. On appeal the bank contends that it was entitled to set off the proceeds of the

I.R.A. against the general indebtedness of the depositor upon the depositor's death.

On December 31, 1975, decedent established an I.R.A. with the bank as custodian. The I.R.A. designated decedent's wife as the beneficiary and, in the event that she predeceased decedent, recited that the proceeds would pass to the estate. On January 3, 1978, decedent and his wife died in an airplane crash. There is no evidence that either party survived the other.

During decedent's lifetime, he incurred certain debts to the bank as evidenced by various promissory notes. The notes contained the following language:

> "The holder has a security interest for the payment of all obligations due it in all property and assets of Debtor which are in the possession or control of Holder and a right of set-off or lien on any deposit or sums now or hereafter owed by Holder to Debtor."

In July 1979, the bank attempted to set off the proceeds of the I.R.A. against the indebtedness of the decedent under three promissory notes. These proceedings ensued, and the trial court directed the bank to distribute the I.R.A. proceeds to the estate in accordance with the beneficiary clause of the I.R.A. agreement.

An I.R.A. is defined as a trust created or organized for the exclusive benefit of an individual or his beneficiaries. (Internal Revenue Code, Pub. L. No. 94-455, 90 Stat. 1834 (codified at 26 U.S.C. sec. 408(a) (1976)).) The code also provides that the trustee must be a bank; that the interest of the individual in the balance of the account is nonforfeitable; and that the assets of the trust will not be commingled with the other property, except in a common trust fund or common investment fund. (Sec. 408(a)(2)(4)(5).) The I.R.A. agreement in the present case contained the following pertinent provisions:

> *Article III.* No part of the custodial funds shall be invested in life insurance contracts, nor may assets of the custodial account be commingled with other property except in a common trust fund.
>
> *Article IX(1).* Depositor's contribution shall be held by the custodian in a savings account or certificate of deposit as the Depositor may direct. All contributions shall be held in the name of the Depositor and shall not become mingled with other such accounts or property. All interest shall be credited to the Depositor's custodial account.
>
> *Article IX(2).* The Depositor shall not have the right to assign transfer or pledge any interest in his account and the Depositor's interest in the account shall not be subject to any claims of creditors."

The I.R.A. agreement also provided that the depositor's interest in the account shall be nonforfeitable.

On appeal the bank maintains that it was entitled to set off the proceeds of the I.R.A. against the general indebtedness of the depositor upon the depositor's death.

■■■ A bank has the right to set off funds on general deposit against a debt of depositor. (*Mid-City National Bank v. Mar Building Corp.* (1975), 33 Ill. App. 3d 1083, 339 N.E.2d 497.) A special deposit, however, is the delivery of either money or chattel to a bank under a special agreement, or other circumstances sufficient to create a trust. (*People ex rel. Auditor of Public Accounts v. West Side Trust & Savings Bank* (1941), 376 Ill. 339, 33 N.E.2d 607.) In the case of a special deposit, instead of creating the relation of debtor and creditor, the deposit creates a bailment, and there is an agreement that the money or chattel is to be returned intact on demand. (*Mid-City National Bank v. Mar Building Corp.*) Examining the present I.R.A. agreement, it is clear that the proceeds of the I.R.A. constituted a special deposit. The assets were not to be commingled with other property nor mingled with other such accounts; decedent's interest was not subject to claims of creditors; and the decedent's interest was nonforfeitable. (See *Durkee v. Franklin Savings Association* (1974), 17 Ill. App. 3d 978, 309 N.E.2d 118.) Consequently, the proceeds of the I.R.A. were not subject to set-off against a general indebtedness of the decedent depositor.

■■ The bank apparently concedes that the I.R.A. here was a special deposit, but argues that such special status was terminated upon the depositor's death. We do not agree. The bank assumed certain duties and obligations under the I.R.A. agreement, and among these was its duty to distribute the proceeds according to its agreement. Upon the death of the depositor prior to distribution, the bank is obligated to distribute the proceeds of the estate under the provisions of the I.R.A. agreement. The proceeds never became available to the bank, and the I.R.A. remained a special deposit until that distribution of the proceeds had been made. See *Filosa v. Pecora* (1976), 44 Ill. App. 3d 912, 358 N.E.2d 1213.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P. J., and McGILLICUDDY, J., concur.