{¶ 33} I concur in the majority opinion, but write separately because I do not believe that it is necessary to reach the sweeping conclusion that an individual retirement account is not a trust for purposes of Ohio law. Our analysis must begin, as the majority notes, with Section408(a) of the Internal Revenue Code, *Page 17 
which defines an individual retirement account as a trust. A review of the federal and state caselaw applying this definition in different contexts demonstrates that the true nature of an individual retirement account is not as simple as it may appear at first blush. An IRA may be a trust for some purposes but not others, depending on the context and the circumstances attending its creation. See, e.g., 26 U.S.C. § 408(a) (specifying the items that must be included in the trust instrument in order to qualify it as an individual retirement account). See, also,Walsh v. Benson (W.D.Pa., Aug. 18, 2006), C.A. No. Civ.A. 05-290J, at *3 (noting that, in the context of a bankruptcy estate, some non-trust assets — such as custodial accounts — are treated as trusts for purposes of Section 408(a).) "The clarity of [Section 408(a)] is convincing, if not compelling. One must recognize that IRAs are not regular savings accounts. They clearly are special deposits that constitute a trust relationship wherein the Bank owes a fiduciary duty to the depositor."Masi v. Ford City Bank and Trust Co. (C.A.8, 1985), 779 F.2d 397, 401.
 {¶ 34} The lynchpin of Mr. Wachter's argument in support of his second assignment of error[1] is that "the `signature' requirement was not only in place to protect the Credit Union, it protected Barbara Kelly and it protected Richard Wachter." The creation of an IRA is flexible under federal law and the Ohio *Page 18 
legislature has chosen not to impose specific formalities, such as a requirement that initial beneficiary designations or subsequent changes be initiated in writing, upon their creation in this state. Indeed, the only requirement for the proceeds of an IRA to transfer upon death as a nontestamentary asset is that the designation of a beneficiary appear in beneficiary form, or "a registration of a security that indicates the present owner of the security and the intention of the present owner regarding the person who will become the owner of the security upon the death of the present owner." See R.C. 1709.01(A). See, generally,Bielat v. Bielat (2000), 87 Ohio St.3d 350 (discussing application of R.C. Chapter 1709 to individual retirement accounts in existence prior to the effective date of the Uniform Transfer-On-Death Security Registration Act).
 {¶ 35} The signature requirement at issue in this case was a matter of contract between Barbara Kelly and May Associates. Thus, while I am sympathetic to the reservations expressed in my colleague's dissenting opinion, the policy concerns related to creation of an IRA are best addressed by the legislature. In this case, considering the current state of Ohio law regarding the creation of IRAs, I would also conclude that the by asserting a counterclaim and crossclaim for interpleader, May Associates waived enforcement of the formalities created as a result of its contract with Barbara Kelly. I agree that summary judgment was properly granted in favor of May Associates on its counter-claims *Page 19 
and cross-claims, and would also overrule Mr. Wachter's second assignment of error on that basis.
 {¶ 36} With the exceptions noted above, I concur in the majority opinion.
[1] Mr. Wachter's second assignment of error is addressed first by the majority.