912 F.2d 315
 RICO Bus.Disp.Guide 7537
 Alex ROTHMAN; Morris I. Kreitzer; Thomas M. Yarmoluk,
members of Friends of Royal Palms, an unincorporated
association, for themselves and all other members of such
association, Plaintiffs-Appellants,
v.
VEDDER PARK MANAGEMENT; William C. Schweinfurth; Royal
Palms Mobile Home Park, Ltd., et al., Defendants-Appellees.
 No. 89-55277.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 8, 1990.
Decided Aug. 17, 1990.
 
 Howard C. Kochman, Palm Springs, Cal., for plaintiffs-appellants.
 Allan L. Schare, Latham & Watkins, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before HUG, BOOCHEVER and BEEZER, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 
 
 1
 Alex Rothman, Morris I. Kreitzer, Thomas M. Yarmoluk, and all other members of Friends of Royal Palms (collectively Rothman) appeal the district court's dismissal of their claim against Vedder Park Management, et al. (Vedder), under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Secs. 1961-68 (1988). The district court found that Rothman failed to allege a pattern of racketeering activity and thus failed to state a claim for relief under RICO. We affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 2
 Vedder owns and operates a mobilehome park populated primarily by retired persons. Attorneys for Vedder and park residents negotiated a four-year lease as part of the agreement settling an unrelated suit by the park's homeowners association. This lease was then offered to all residents of the park in August 1986. Rothman represents a group of park tenants who oppose this new lease. They filed suit against Vedder, claiming relief under RICO for alleged fraudulent and extortionate tactics used by Vedder in connection with its attempts to get them to sign the lease. The district court dismissed Rothman's amended complaint, and Rothman appealed.
 
 DISCUSSION
 
 3
 We review de novo a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).
 
 
 4
 The review is limited to the contents of the complaint. To affirm this type of dismissal, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.
 
 
 5
 Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir.1985) (citations omitted), cert. denied, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986).
 
 
 6
 Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. Sec. 1962(c). Liability under this section thus "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). " 'Racketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, see 18 U.S.C. Sec. 1961, and includes the predicate act[s] alleged in this case of mail fraud under 18 U.S.C. Sec. 1341," Sun Savings & Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir.1987), as well as extortion under 18 U.S.C. Sec. 1951 and Cal.Penal Code Secs. 518 and 523 (West 1988). See 18 U.S.C. Sec. 1961(1). The district court, however, found that Rothman's RICO claim is based on defectively alleged predicate acts of mail fraud and extortion which do not support a RICO claim.
 
 I. Mail Fraud
 
 7
 To allege a violation of the mail fraud statute, it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud.
 
 
 8
 Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1399-1400 (9th Cir.1986). In the amended complaint, Rothman alleged that Vedder formed a scheme "to defraud plaintiffs into waiving their rights under the Mobilehome Residency Law [MRL] and into paying fees, costs and charges that are illegal under California law." Rothman attempts to demonstrate this scheme by alleging that the lease violates the MRL, the lease falsely represents that it conforms with the MRL, and the letter sent with the lease misrepresents the content of the lease.
 
 Violations of MRL
 
 9
 The amended complaint alleges conflicts between the lease and the MRL. We need not decide whether such conflicts exist. As the district court observed, violation of a statute does not necessarily demonstrate a scheme to defraud. Here, the lease was the result of negotiations between Vedder and the park's homeowners association. Under these circumstances, any violations of the MRL do not tend to show that Vedder formed a scheme to defraud Rothman.
 
 Misrepresentation in the Lease
 
 10
 The lease contains a provision that it "is subject to the terms of the California Mobilehome Residency Law, as it may be amended from time to time." Rothman claims that this language is synonymous with stating that the lease conforms to the MRL. Thus, Rothman alleges, Vedder "intended to deceive the homeowners into thinking that the lease's provisions were legal, and that the homeowners had no recourse but to sign the lease," when in fact some of the lease's provisions were illegal and by signing it they would be giving up their rights.
 
 
 11
 Even if the lease conflicted with the MRL, however, the language in this provision is not reasonably susceptible to Rothman's interpretation. "Subject" is defined as "falling under or submitting to the power or dominion of another." Webster's Third New International Dictionary 2275 (1976). Thus, the lease provides that it is controlled by the Mobilehome Residency Law, not that it necessarily conforms to it. This provision, then, fails to demonstrate any scheme to defraud.
 
 Misrepresentation in the Letter
 
 12
 Finally, Rothman claims the letter accompanying the copy of the lease sent to all park residents contains a misrepresentation. The letter promises that the park will pay for and install individual gas and water meters, while the lease requires that park residents must pay the costs of capital improvements. Rothman fails to allege, however, that gas and water meters were capital improvements as contemplated under the lease, or that the cost of the meters actually was passed on to the residents rather than absorbed by the park. Rothman has failed to show, therefore, that the letter's promise that the park will pay for the meters is a misrepresentation or that it demonstrates a scheme to defraud.
 
 
 13
 Neither the lease nor the letter supports the allegations in the amended complaint that Vedder formed a scheme to defraud the park residents. Thus, Rothman fails to allege one of the essential elements of mail fraud, and the district court correctly concluded that the amended complaint failed to allege predicate acts of mail fraud sufficient to support a RICO claim.
 
 II. Extortion
 
 14
 The other set of predicate acts on which Rothman relies involves extortion. "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear." 18 U.S.C. Sec. 1951(b)(2); accord Cal.Penal Code Sec. 518. The complaint alleges that Vedder violated federal and state extortion laws "by coercing and attempting to coerce plaintiffs into signing the illegal lease by threatening retribution against any person or persons not signing the lease, the retribution being in the form of an increase in rent and service charges." The complaint cites four specific threats which allegedly were wrongful and induced reasonable fear in the elderly residents of the park: 1) in the letter accompanying the lease, Vedder threatened that homeowners who did not sign the lease would have to pay their own utility bills, that they would be subject to future rent increases of unspecified amounts, and that the equality of treatment between signers and nonsigners would cease at the end of one year; 2) the park manager visited residents and said, "If you don't sign the lease, you don't know what you are in for because without a lease they can charge you anything they want. Who will protect you after the year is over?"; 3) the park manager telephoned residents who had left for the summer without signing the lease and again alluded to prospective rent increases and charges that nonsigning homeowners would face; and 4) on May 20, 1987, Vedder sent notices to nonsigning homeowners announcing a rent increase effective August 1, 1987.
 
 
 15
 The district court correctly found that "[t]he acts plaintiffs allege as extortion fail to constitute extortion because they are not a 'wrongful use of force or fear.' " In the words of Justice Holmes, " 'As a general rule, even if subject to some exceptions, what you may do in a certain event you may threaten to do, that is, give warning of your intention to do in that event, and thus allow the other person the chance of avoiding the consequences.' " McKay v. Retail Auto. Salesmen's Local Union No. 1067, 16 Cal.2d 311, 321, 106 P.2d 373, 379 (1940) (quoting Vegelahn v. Guntner, 167 Mass. 92, 107, 44 N.E. 1077, 1081 (1896)), cert. denied, 313 U.S. 566, 61 S.Ct. 939, 85 L.Ed. 1525 (1941).
 
 
 16
 Here, Rothman does not allege that Vedder may not raise the rent of those who have not signed the lease or that it may not refuse to pay their utility bills. Warnings and notices of such action, therefore, do not amount to "wrongful use of force or fear" within the meaning of either federal or California law. As a result, the district court correctly concluded that the amended complaint failed to allege sufficient predicate acts of extortion to support a RICO claim.
 
 CONCLUSION
 
 17
 The allegations of mail fraud and extortion in Rothman's amended complaint do not set forth sufficient predicate acts to support a claim under RICO. The district court's judgment dismissing the amended complaint for failure to state a claim on which relief can be granted, therefore, is AFFIRMED.