972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EVANSTON INSURANCE COMPANY, Plaintiff-Appellant,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., Defendant-Appellee.
 No. 91-55653.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1992.
Decided July 17, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and PRO, District Judge.*
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 Evanston Insurance Company appeals the district court's order dismissing its indemnity claims and its subrogation claims for negligence, negligent misrepresentation, restitution, and breach of contract, against the Federal National Mortgage AssociationMA. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 DISCUSSION
 
 4
 We review de novo a district court's order granting a motion to dismiss for failure to state a claim under Fed.R.Civ.Pro. 12(b)(6). Rothman v. Vedder Park Management, 912 F.2d 315, 316 (9th Cir.1990). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id.
 
 
 5
 The district court granted FNMA's motion to dismiss Evanston's subrogation claims because it determined that they are barred by the applicable statutes of limitations. We agree.
 
 
 6
 Evanston's claims against FNMA arose out of a class action filed October 4, 1984 against Evanston's insured, Guild Mortgage Company. By virtue of having to defend the class action, Guild was put on notice of the facts necessary to establish its claims against FNMA and sustained appreciable and actual damage in the form of attorney fees. See Laird v. Blacker, 828 P.2d 691, 696 (Cal.1992) (plaintiff sustained actual injury when she was compelled to incur legal costs and expenditures as a result of defendant's malpractice).
 
 
 7
 The longest statute of limitations claimed by Evanston is four years, for restitution and breach of contract. See Cal.Code Civ.Pro. § 337. The statutes of limitation at issue in the subrogation claims began to run no later than October 4, 1984, when Guild knew or should have known the essential facts to establish the elements of its causes of action, and when it had sustained appreciable and actual damages. Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 491 P.2d 421, 422 (Cal.1971); Budd v. Nixen, 491 P.2d 433, 434 (Cal.1971). All four subrogation claims brought against FNMA in the complaint filed July 9, 1990, are time barred. Because Guild, Evanston's subrogor, is barred by the statute of limitations on its direct claims against FNMA, Evanston's subrogation claims are also time barred. Smith v. Parks Manor, 243 Cal.Rptr. 256, 261 (Cal.Ct.App.1987) (an insurer subrogee stands in the stead of the original claimant and is subject to all defenses which could have been asserted against that party).
 
 
 8
 We reject Evanston's argument that FNMA is estopped to plead the statute of limitations as a defense.
 
 
 9
 Where one acts with full knowledge of plain provisions of law, and their probable effect upon facts within his knowledge, especially where represented by counsel, he can neither claim (1) ignorance of the true facts or (2) reliance to his detriment upon the conduct of the person claimed to be estopped, two of the essential elements of estoppel.
 
 
 10
 Cal. Cigarette Concessions v. City of Los Angeles, 350 P.2d 715, 717 (Cal.1960). FNMA is not equitably estopped from asserting a statute of limitations defense to Evanston's subrogation claims because Guild acted with full knowledge of the applicable statutes of limitations, and their probable effect upon facts within its knowledge, while represented by counsel. See Cal. Cigarette Concessions, 350 P.2d at 718 (counsel is presumed to know the statute of limitations for filing claims).
 
 
 11
 The district court granted FNMA's motion to dismiss Evanston's indemnity claims because it determined that a post-settlement action for indemnity would involve duplication and waste of judicial resources. We may affirm, however, on any ground supported by the record. Jama Constr. v. City of Los Angeles, 938 F.2d 1045, 1047 (9th Cir.1991), cert. denied, 112 S.Ct. 1293 (1992).
 
 
 12
 Evanston argues it stated a claim for implied contractual indemnity by its allegations that FNMA breached a duty, imposed by its contract with Guild, to accurately set and approve index rates used to calculate adjustable rate mortgages, resulting in foreseeable damages to Guild. We disagree.
 
 
 13
 In order to state a cause of action against FNMA for implied contractual indemnity, Evanston must allege FNMA (1) breached (2) a duty under its contract with Guild (3) that resulted in (4) foreseeable damages to Guild. Seaman's Bank For Savings v. Superior Court, 236 Cal.Rptr. 31 (Cal.Ct.App.1987).
 
 
 14
 Guild independently made loans to its borrowers secured by adjustable rate mortgages. Guild calculated the amount of interest its borrowers were obligated to pay. The borrowers brought a class action against Guild alleging they "had paid too much in interest in that the index [Guild] used to calculate the class members' payments was not the index described in the note and disclosure statements." Complaint p. 14. Evanston has not stated a claim for implied contractual indemnity against FNMA because it has not alleged facts sufficient to show that the alleged breach of FNMA's duty, to accurately set and approve interest rates, foreseeably resulted in Guild's liability to the borrowers. See Bear Creek Planning Comm. v. Title Ins. & Trust Co., 211 Cal.Rptr. 172, 179 (Cal.Ct.App.1985) ("the indemnitor's breach of contract must foreseeably result in the indemnitee being held liable for damages to the injured third party"), disapproved on other grounds in Bay Dev. Ltd. v. Superior Court, 791 P.2d 290, 301-02 (Cal.1990). Guild's liability to its borrowers resulted from its own calculation of interest at a rate greater than the rates FNMA approved.
 
 
 15
 Similarly, Evanston fails to state a claim for noncontractual equitable indemnity because it cannot allege sufficient facts to show FNMA caused harm to the borrowers.
 
 
 16
 In order to state a claim for equitable indemnity, "a[n] [indemnitee] must allege the same harm for which he may be held liable is properly attributable--at least in part--to the [indemnitor]." Platt v. Coldwell Banker Residential Real Estate Servs., 266 Cal.Rptr. 601, 604 (Cal.Ct.App.1990). Evanston alleges the harm that rendered Guild liable to the borrowers was an error in the underlying loan documents, caused by the negligence of both FNMA and Guild. We disagree.
 
 
 17
 Evanston has not alleged facts sufficient to show that an error in the defective loan documents caused the borrowers to be overbilled. If Guild had charged its borrowers the rates set by the defective documents approved by FNMA, no overbilling would have occurred. See Seaman's Bank For Savings, 236 Cal.Rptr. at 35 (demurrer sustained on a claim for implied equitable indemnity because there was no showing that the acceptance of Seaman's escrow and trust business caused harm to the bank).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3