15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Liang-Houh SHIEH, Plaintiff-Appellant,
v.
David EBERSHOFF; Fulbright & Jaworski; Paul S. Blencowe;
Tim C. Bruinsma, Defendants-Appellees.
 No. 93-55327.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1993.
Decided Dec. 30, 1993.
 
 Before: ALDISERT,* HUG, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shieh appeals several district court orders relating to his suit against several large law firms and thousands of individual attorneys, alleging dozens of claims arising out of their alleged conspiracy to steal his clients and destroy his career. We address each issue raised in turn.
 
 
 3
 I. Rule 41(d).
 
 
 4
 Plaintiff first argues that the district court erred in staying his action until he had paid defendants' costs for defending a prior action in state court (Ebershoff I ), pursuant to Federal Rule of Civil Procedure 41(d). He argues that Rule 41(d) is not applicable to this situation, that the Rule does not permit a judge to award attorneys' fees as part of the "costs," and that in any event, the amount of attorneys' fees awarded by this judge was excessive. Ordinarily, this court will not consider claims or issues that are raised for the first time on appeal. E.g., Pacific Express, Inc. v. United Airlines, 959 F.2d 814, 819 (9th Cir.), cert. denied, 113 S.Ct. 814 (1992). In this case, the plaintiff failed to make any of the above arguments before the district court, despite ample opportunity to do so. We therefore affirm without reaching the merits of plaintiff's contentions.
 
 
 5
 II. Discovery Abuses.
 
 
 6
 Shieh next contends that the district court erred by: (a) prohibiting Shieh from conducting discovery until the defendants finished deposing him; (b) granting the Fulbright and Jaworski defendants a protective order; and (c) denying Shieh's motion for a protective order. First, the district court clearly had the authority to stay Shieh's discovery pending the completion of his deposition. See Fed.R.Civ.P. 37(d). Given the fact that Shieh failed to appear for his deposition and had noticed hundreds of apparently frivolous and harassing depositions, it would be difficult to conclude that the district court abused its discretion in staying Shieh's discovery. See Adriana Int'l Corp. v. Thoerem, 913 F.2d 1406, 1411 (9th Cir.1990), cert. denied, 489 U.S. 1109 (1991).
 
 
 7
 The district court was similarly within its discretion when it granted Fulbright and Jaworski's motion for a protective order. A district court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). Discovery restrictions may be even broader where the target is a non-party. Dart Indus. Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir.1980). Given Shieh's conduct and the fact that all of the people Shieh intended to depose were not parties to this action, it would be difficult to conclude that the district court abused its discretion in granting FJ's motion for a protective order. See id.
 
 
 8
 Finally, the district court did not err in denying Shieh's protective order regarding his client list. On appeal, Shieh argues that his client list is a "trade secret," and that, therefore, the district court should have granted his request for a protective order. Ironically, Shieh argues that because the defendants were "stealing" his clients, he could not tell the defendants who those clients were. Decisions regarding discovery may be based on a determination that the plaintiff may be unable to prove that he is entitled to relief on the merits. See Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981), cert. denied, 455 U.S. 942 (1982). Considering the fact that Shieh has been unable to support his allegation that defendants were stealing his clients, it was not an abuse of discretion to deny Shieh's request for a protective order. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 472 (9th Cir.), cert. denied, 113 S.Ct. 197 (1992); Wood, 644 F.2d at 801.
 
 
 9
 III. Denial of Supplemental Jurisdiction.
 
 
 10
 Shieh contends that the district court erred by not giving a compelling reason for declining supplemental jurisdiction over his state law claims. Shieh's first amended complaint alleges over seventy state law claims against thousands of defendants involving issues of state tort law. Thus, it was not clear error to conclude that the claims raise novel or complex issues of state law. See 28 U.S.C. Sec. 1367(c)(1). Moreover, given the fact that Shieh had originally filed this action (and others) in state court and voluntarily dismissed the action only to file an almost identical lawsuit in federal court, the district court did not err by determining that compelling reasons existed for declining jurisdiction over Shieh's state law claims. See 28 U.S.C. Sec. 1367(c)(4).
 
 
 11
 IV. Motion to Quash Service.
 
 
 12
 Shieh contends that the district court erred in granting the Jeffer, Mangels, Butler & Marmaro defendants' motion to quash service. Because Shieh did not personally serve the individual JMBM defendants or mail a copy of the summons and complaint to each individual, the JMBM defendants were not properly served. See Fed.R.Civ.P. 4(d)(1); Cal.Code Civ.P. Secs. 415.10, 415.20(b), 415.30(a). Because Shieh did not personally serve an authorized officer of JMBM, JMBM was not properly served. See Fed.R.Civ.P. 4(d)(3); Cal.Code Civ.P. Sec. 416.40. Moreover, Shieh has not alleged that he served (or even attempted to serve) the JMBM defendants with the first amended complaint. Accordingly, the district court did not abuse its discretion in quashing service as to the JMBM defendants for Shieh's failure to serve them within the time the district court granted. See Puett v. Blandford, 912 F.2d 270, 273 (9th Cir.1990).
 
 
 13
 V. LDBB Motion to Dismiss.
 
 
 14
 Shieh next contends that the district court erred in granting Lewis, D'Amato, Brisbois, & Bisgaard's defendants' motion to dismiss with prejudice under Federal Rule of Civil Procedure 41(b). A review of the record demonstrates that the district court did not abuse its discretion in dismissing the action as to the LDBB defendants for Shieh's failure to prosecute. First, because Shieh did not personally serve the individual LDBB defendants or an authorized officer of LDBB, and did not mail a copy of the summons and complaint to each individual defendant, the LDBB defendants were not properly served. See Fed.R.Civ.P. 4(d)(1); Cal.Code Civ.P. Secs. 415.10, 415.20(b), 415.30(a).
 
 
 15
 Second, Shieh did not diligently prosecute his claims against LDBB. Despite the fact that the district court extended the time for Shieh to effectuate service, Shieh's only documented attempt at service was after the extension had expired. Shieh never engaged in any of the normal incidents of litigation against LDBB. Indeed, the only filing Shieh made with respect to LDBB was his brief in opposition to LDBB's motion to dismiss. Third, the fact that the district court had previously granted Shieh's ex parte motion for an extension of time to serve the summons and complaint indicates that the district court considered alternative sanctions. Accordingly, the district court did not abuse its discretion in dismissing the action as to the LDBB defendants for Shieh's failure to diligently prosecute. See Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498 (9th Cir.1987).
 
 
 16
 VI. Marmaro and Meyer's Motion to Dismiss.
 
 
 17
 California Civil Code Sec. 1714.10 provides that
 
 
 18
 No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client shall be included in a complaint or other pleading unless the Court enters an order....
 
 
 19
 Cal.Civ.Code Sec. 1714.10(a).
 
 
 20
 The district court correctly held that since Shieh had not obtained the required court order, Marmaro and Meyer could not be sued under state law. As discussed herein, Shieh's federal claims were properly dismissed on other grounds.
 
 
 21
 VII. Lanham Act Claim.
 
 
 22
 Shieh contends that he should be allowed to proceed with his claim brought under the Lanham Act, because the district court never "specifically disposed" of this claim. In its July 13, 1992 minute order, however, the district court clearly indicated that "[a]ll claims are dismissed against the defendants except the RICO claim." The docket sheet entry for that date reflects the same order.
 
 
 23
 VIII. Civil Rights Claims.
 
 
 24
 Shieh's civil rights claims consist of seven causes of action. Four causes of action specifically reference 42 U.S.C. Sec. 1981. One is purportedly brought under 42 U.S.C. Sec. 1985(2), and two are purportedly brought under the Civil Rights Act of 1991. The district court dismissed Shieh's Sec. 1981 claims for failure to state a valid cause of action, and dismissed his section 1985(2) claim on the grounds that Shieh had not adequately pled the underlying discrimination. Relying on Millard v. La Pointe's Fashion Store, Inc., 736 F.2d 501 (9th Cir.1984), the district court found that Shieh's claims brought under the Civil Rights Act of 1991 were barred because they were not filed within ninety days of receiving the "right to sue" letter. The claims brought under sections 1981 and 1985(2) were dismissed with leave to amend, while the employment and age discrimination claims were dismissed with prejudice.
 
 
 25
 The district court dismissed Shieh's 1981 claims relying on the Supreme Court's decision in Patterson v. McClean Credit Union, 491 U.S. 164 (1989), which held that Sec. 1981 applied only to discrimination in the making and enforcing of contracts and not to any discrimination which occurred thereafter. The holding in Patterson was reversed by the Civil Rights Act of 1991. However, plaintiff did not bring this to the district court's attention, or otherwise object to the court's tentative decision to dismiss before the court finalized its ruling. We therefore affirm the decision of the district court. We also affirm the court's dismissal of Shieh's Sec. 1985(2) claim, because Shieh did not specify how he was discriminated against or that the discrimination was based on an illegal classification for purposes of 18 U.S.C. Sec. 1985(2). Finally, the district court was correct in concluding that Shieh's Title VII claims were time barred. Shieh received his right to sue letter on December 5, 1990, and did not file his complaint in federal court until October 7, 1991. Because Shieh has not alleged that the statute of limitations was tolled for any reason, these claims are barred by the 90-day time limit for filing a Title VII action. See 42 U.S.C. Sec. 2000e-5(f)(1); Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1173 (9th Cir.1986), amended, 815 F.2d 570 (9th Cir.1987).
 
 
 26
 IX. RICO Claim.
 
 
 27
 In his complaint, Shieh alleged that defendants engaged in a pattern of racketeering in violation of 18 U.S.C. Secs. 1962(a)-(d). Shieh has alleged three predicate acts: (1) violation of the Hobbs Act; (2) extortion; and (3) mail fraud. Because Shieh has failed to allege adequately the predicate acts, he has failed to allege adequately his RICO claim.
 
 
 28
 To allege a violation of mail fraud, it is necessary to show that the defendants: (1) formed a scheme or artifice to defraud; (2) used the United States Mail or caused a use of the United States Mail in furtherance of the scheme; and (3) had the specific intent to deceive or defraud. Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1399-1400 (9th Cir.1986). A plaintiff alleging fraud "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Id. at 1401. In his complaint, Shieh failed to allege the "time, place and specific content of the false representations," and therefore failed to plead adequately mail fraud. See id.
 
 
 29
 Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear." 18 U.S.C. Sec. 1951(b)(2); see also Rothman v. Vedder Park Management, 912 F.2d 315, 317 (9th Cir.1990). In his complaint, Shieh failed to allege the "wrongful use of actual or threatened force, violence, or fear." See 18 U.S.C. Sec. 1951(b)(2); Rothman, 912 F.2d at 317. Thus, Shieh has failed to plead adequately extortion or a violation of the Hobbs Act.
 
 
 30
 Because Shieh has failed to allege the predicate acts, he has not stated a pattern of racketeering. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 238-40 (1989); Therefore, the district court properly dismissed Shieh's RICO claim.
 
 
 31
 The judgment of the district court is AFFIRMED. All pending motions related to this appeal are DENIED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3