50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re PARKER NORTH AMERICAN CORPORATION, Debtor.
John E. WEBER, Jr., individually and in his capacity as a
shareholder of Parker Automotive Corporation ("PAC") on
behalf of all PAC shareholders similarly situated; Michael
E. Parker, Plaintiffs-Appellants,
v.
FIRST INTERSTATE BANK OF NEVADA; Frandzel & Share; Stephen
H. Marcus; Fleet New Hampshire, fka Indian Head Banks,
Inc.; City National Bank; Federal Deposit Insurance
Corporation, Defendants-Appellees.
 No. 93-55801.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1994.*
Decided March 20, 1995.
 
 Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court properly affirmed the bankruptcy court's dismissal of the complaints.
 
 
 3
 1. The motion to dismiss was properly treated as such rather than as a motion for summary judgment. The only facts outside the pleadings referenced in the opinion involved matters properly subject to judicial notice. Mem.Op. at 3-11. See Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir.1986) ("On a motion to dismiss ..., a court may take judicial notice of facts outside the pleadings.").
 
 
 4
 2. The actions alleged in Parker's and Weber's complaints were communications or incidental acts relevant to litigation in PNA v. Parker, and were therefore protected by the absolute litigation privilege of Cal.Civ.Code Sec. 47(b). See Silberg v. Anderson, 786 P.2d 365, 369 (Cal.1990). That the alleged facts might constitute a violation of the bankruptcy crime/fraud statute is irrelevant: None of the objectionable actions constitutes "noncommunicative conduct, such as a destruction of physical evidence causing injury apart from communication of an injurious falsehood." Doctors' Co. Ins. Servs. v. Superior Court, 225 Cal.App.3d 1284, 1299 (Cal.Ct.App.1990) (emphasis omitted). The litigation privilege bars all Parker's and Weber's derivative tort claims.
 
 
 5
 3. Parker and Weber's RICO claims were properly dismissed for failure to adequately allege predicate racketeering acts. Conclusory allegations that appellees violated 18 U.S.C. Secs. 657, 1341 & 1343 do not satisfy the pleading standards of Fed.R.Civ.P. 9(b). Parker and Weber did not allege, for example, that anyone misappropriated funds from federally insured financial institutions, 18 U.S.C. Sec. 657, or used the mail or made interstate telephone calls to perpetrate a scheme to defraud, 18 U.S.C. Secs. 1341, 1343. See Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir.1986) (allegations of mail and wire fraud as RICO predicate acts must satisfy more rigorous pleading standards of Rule 9(b)); Rothman v. Vedder Park Management, 912 F.2d 315, 316-17 (9th Cir.1990) (affirming dismissal of RICO complaint for failure to allege predicate acts of mail fraud sufficient to support a RICO claim).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3