**ALL DIRECT TRAVEL SERVICES, INC.; et al., Plaintiffs—Appellants,**

v.

**DELTA AIR LINES, INC., Defendant—Appellee.**

Nos. 03–55620, 03–55910.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Jan. 6, 2005.

Dean Browning Webb, Esq., Vancouver, WA, Linda S. Platisha, Law Office of Linda S. Platisha, Yorba Linda, CA, Henry L. Anderson, Esq., Anderson, Daniel & Coxe, Wrightsville Beach, NC, for Plaintiff–Appellant.

Robert P. Berry, Esq., Mark Erich Weber, Esq., Gibson, Dunn & Crutcher, Los Angeles, CA, for Defendant–Appellee.

Before: REINHARDT, BEEZER, and WARDLAW, *Circuit Judges.*

## MEMORANDUM *

All Direct Travel and Ann's Crossroads Travel Center ("Plaintiffs") brought suit against Delta Airlines ("Delta") under the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. § 1961, *et seq.* ("RICO") and also asserted an equitable claim for unjust enrichment. The district court granted summary judgment for Delta on both claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## A. RICO Claim

To prevail on a civil RICO claim the plaintiffs must show, among other elements, a "pattern of racketeering activity." 18 U.S.C. § 1962. " 'Racketeering activity' is any act indictable under several provisions of Title 18 of the United States Code," including extortion and mail and wire fraud. *Rothman v. Vedder Park Management,* 912 F.2d 315, 316 (9th Cir. 1990).

■ Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951. Plaintiffs' claim that Delta has engaged in a pattern of extortion fails because Delta had a legal right under the Agent Reporting Agreement ("ARC Agreement") to collect damages for ticketing violations through the issuance of debit memos. *See U.S. v. Enmons,* 410 U.S. 396, 400, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973) (holding that a threat is only "wrongful" if the alleged extortionist "has no lawful claim to that property"); *U.S. v. Dischner,* 974 F.2d 1502, 1516 (9th Cir.

1992) (same). Although the parties dispute whether the amounts charged in each debit memo are the actual measure of Delta's damages, and, in some cases, whether the ticketing violation even occurred, these issues concern the interpretation of the ARC Agreement and amount to nothing more than a contract dispute. *See, e.g., Union Nat'l Bank of Little Rock v. Federal Nat'l Mortgage Association,* 860 F.2d 847, 857 (8th Cir.1988) (holding that regardless of whether the defendant actually had a right to monies claimed, defendant's demands under the contract were not extortion because they "were motivated by [the defendant's] interpretation of the agreement").

■ In addition, Delta's threat to terminate its relationship with travel agents if they refuse to pay the debit memos does not amount to extortion because, under the ARC Agreement, Delta has the right to terminate its relationship with any travel agent for any reason or no reason. Therefore, threatening to do so is not a wrongful economic threat. *See Rothman,* 912 F.2d at 318 (holding that it is not extortion to threaten economic harm when you have a legal right to engage in the activity you threaten).

■ "Mail fraud under section 1341 requires the showing of a scheme to defraud involving use of the United States mails with the specific intent to defraud. Wire fraud under section 1343 requires the same showing, but involves use of United States wires." *Forsyth v. Humana,* 114 F.3d 1467, 1481 (9th Cir.1997) (internal citation omitted). Plaintiffs' claim that Delta has engaged in a pattern of mail or wire fraud fails because, like the extortion claim, it relies on the notion that Delta is not permitted to issue debit memos be-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cause Plaintiffs disagree with Delta's damage calculations. Because Delta has the right under the ARC Agreement to issue debit memos, the debit memos do not falsely represent that Delta is authorized to collect these funds as Plaintiffs argue.

■ Because the plaintiffs have not raised a genuine issue of material fact as to any predicate acts under RICO, their §§ 1962(a) and (c) RICO claims fail. Failure to show a possibility that a substantive RICO violation could be found precludes Plaintiffs' conspiracy claim under § 1962(d). *Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir.2000) *cert. denied* 531 U.S. 828, 121 S.Ct. 77, 148 L.Ed.2d 40 (2000).

**B. Unjust Enrichment Claim**

■ "Unjust Enrichment is an equitable rather than a legal claim; consequently, no action for unjust enrichment lies where a contract governs the parties' relationship to each other." *McKesson HBOC, Inc. v. New York State Common Retirement Fund*, 339 F.3d 1087, 1091 (9th Cir.2003). The ARC Agreement governs the issuance of debit memos. Debit memos are not removed from the purview of the contract simply because the contract does not specify the amount Delta may charge for ticketing violations. Any dispute over whether a ticketing violation occurred or how damages should be calculated must be determined by reference to the express contract and not principles of equity or quasi-contract.

**C. Remaining Claims**

As Plaintiffs' RICO and unjust enrichment claims fail on the merits, they are not entitled to declaratory or injunctive relief. Because we affirm the district court's grant of summary judgment in favor of Delta, we need not address the district court's denial of class certification.

AFFIRMED.